(*Circuit Court of McLean County.*)

## Hayden, Use, etc.

### vs.

## Chicago & Alton Railroad Co

(February 10, 1880.)

GARNISHMENT—WAGES EXEMPT FROM—RETROACTIVE EFFECT OF EX-
EMPTION ACT. The act in force July 1, 1879, giving fifty dol-
lars exemption to head of family, applies to cases of debts con-
tracted before the act went into force, if the wages were earned
after the act took effect.

Garnishee summons on judgment. Heard upon trial be-
fore Judge Reeves in the circuit court of McLean county,
February term, 1880.

The facts are stated in the opinion of the court.

REEVES, Circuit Judge:—

In May, 1879, Hayden became indebted to Hibernian Be-
nevolent Society. In August following the Hibernian Benev-
olent Society recovered a judgment against Hayden. In No-
vember, 1879, Hayden commenced working for C. & A. R. R.
Co. In December, 1879, the garnishee summons in this case
was sued out on the judgment and served on the R. R. Co.
It answered that it owed Hayden for wages, as a laborer, the
sum of $31 and that Hayden was the head of a famliy, resid-
ing with the same, and claimed the same as exempt. It is
contended that Hayden is only entitled to $25 as exempt.

By the amendment to the garnishment act in force July 1,
1879, the wages and services of a laborer, being the head of a
family and residing with the same, to an amount not exceed-
ing $50, shall be exempt from garnishment. Previous to this
amendment the exemption was only $25 and it is insisted that
the exemption in force at the time the debt was contracted
must govern and control.

The wages garnisheed in this case were earned in November,
1879. It was admitted on the trial of this case, that Hayden,
at the time the debt, upon which the judgment was rendered,

was contracted, had no property whatever. The proposition that an exemption in force at the time of the contraction of the debt forms part of the contract and can not be increased as to such contract applies, as it seems to me, only to property and not to such an exemption as is under consideration in this case. The suggestion also occurs to me that this proposition can only be held to apply to property that the debtor had at the time of the making of the contract, or to property which he afterwards acquired from means or funds which he had at the time of the making of the contract, and would not apply in a case where, at the time the contract was made, the debtor had no property of any kind in possession or expectancy but subsequently should acquire property by his labor and skill.